Citation Nr: 1629293 
Decision Date: 07/22/16 Archive Date: 08/01/16

DOCKET NO. 12-01 358 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

Entitlement to service connection for a dental disability for purposes of compensation.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

C. Jones, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1962 to September 1965.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Colombia, South Carolina, which denied service connection for a dental disability. 


The Veteran's claim for service connection, to this point, has been developed only as a claim for compensation. The Veteran appears to also be claiming service connection for VA outpatient dental treatment. In this regard, the Veteran, in the notice of disagreement received in December 2010, stated that it had been 37 years since the Army had paid for maintenance of his injured teeth. The AOJ should direct this matter to the Veterans Health Administration (VHA) for appropriate action. See 76 Fed. Reg. 14600, 14601 (Mar. 17, 2011) ("When a veteran submits a claim for dental treatment directly to a VBA regional office, VBA will not provide a rating, but instead VBA will refer the claim to the VHA outpatient clinic, which is responsible for such claims."), finalized by 77 Fed. Reg. 4469 (Jan. 30, 2012) (adopting the proposed rule as a final rule without changes); 38 C.F.R. § 3.381(a).


FINDING OF FACT

The Veteran sustained an in-service injury to teeth numbers 8, 9 and 25; there is no evidence that the Veteran has tooth loss due to loss of body of the maxilla or mandible caused by in-service trauma or osteomyelitis.


CONCLUSION OF LAW

The criteria for service connection for a dental disability for compensation purposes have not been met. 38 U.S.C.A. §§ 1110, 5107(b), 1712 (West 2014); 38 C.F.R. §§ 3.303(a), 3.381, 4.150, 17.161 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duty to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist Veterans in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2015). 

The VA's duty to notify was satisfied through a letter dated in April 2010, which fully addressed all notice elements. See 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

Next, VA has a duty to assist the Veteran in the development of the claims. This duty includes assisting him in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

Service treatment records and post-service treatment records have been associated with claims file. Records from the Social Security Administration (SSA) have also been obtained. The Veteran has not identified any additional records that should be retrieved. Therefore, VA's duty to further assist the Veteran in locating additional records has been satisfied. 

The Veteran was provided a VA examination in September 2010. This examination is adequate for the purpose of evaluating the Veteran's claims on appeal, as it involved a review of the Veteran's pertinent medical history as well as a clinical evaluation of the Veteran, and provide a discussion of pertinent symptomatology. See generally Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

Overall, there is no evidence of any VA error in notifying or assisting the Veteran that reasonably affects the fairness of this adjudication.

Legal Criteria

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). 

Establishing service connection generally requires competent evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303.

Under current legal authority, compensation is only available for certain types of dental and oral conditions, such as impairment of the mandible, loss of a portion of the ramus, and loss of a portion of the maxilla. See 38 C.F.R. § 4.150 (2015). Compensation is available for loss of teeth if such is due to loss of substance of body of maxilla or mandible, but only if such bone loss is due to trauma or osteomyelitis, and not to the loss of the alveolar process as a result of periodontal disease, as such loss is not considered disabling. Id. at Note. Treatable carious teeth, replaceable missing teeth, dental or alveolar abscesses, and periodontal disease will be considered service-connected solely for the purpose of establishing eligibility for outpatient dental treatment and cannot be considered for compensation purposes. See 38 U.S.C.A. § 1712 (West 2014); 38 C.F.R. §§ 3.381, 4.150 (2015).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Factual Background 

The Veteran asserts that his current dental disability is due to an in-service dental injury.

Service treatment records demonstrate that the Veteran had an apicoectomy on tooth number 25 in April 1964. 

In a November 1972 statement from the in-service treating dentist, he reported that the Veteran was treated for dental injuries received in the line of duty. In addition to other routine dental procedures, his treatment consisted of endodontic procedures involving the two devitalized mandibular central incisors. Because of the traumatic nature of the injury, the two maxillary central incisors were also loosed at that time. 

Subsequently, in a December 1972 rating decision, service connection for a dental disability for treatment purposes was granted for teeth numbers 8, 9, and 25. 

The Veteran underwent a VA examination in September 2010. It was noted that he was missing teeth number 4, 14, 18, 19, 25, 30, and 31. Teeth number 4, 14, and 
25 were replaced with fixed bridges. Teeth numbers 19 and 30 were replaced with implant supported crowns. There was no limitation of interincisal range of motion. There was no bone loss of the maxilla, mandible, or hard palate. Tooth number 9 showed external root resorption, mobility, and periapical radiolucency. Teeth numbers 8 and 9 had porcelain fused metal crowns and tooth number 25 was replaced as paret of a fixed bridge. 

The examiner diagnosed pulpal necrosis, chronic apical periodontitis, and external root resorption of tooth number 9. He determined that it was impossible to determine, without resorting to mere speculation, if the current condition is related to trauma sustained in the 1960s. He noted that there were several possible causes of the condition described and due to the amount of time elapsed and the amount of dental work performed, a specific cause could not be determined. Furthermore, no specific dental records could be located in the Veteran's file that verified trauma described or care received. 

In a private opinion received in September 2010, the dentist stated that the Veteran described a history of severe head trauma to his upper front teeth in service. She opined that during the incident, several teeth must have been fractured because the military subsequently put crowns on teeth number 8, 9, and 10. The trauma accelerated bone loss around those teeth, especially tooth number 9, which was extracted because it was so loose. A bone graft was placed to reduce the post extraction loss of bone. She reported that a fixed bridge would be fabricated to replace the missing tooth. She determined that the original trauma not only contributed to the loss of tooth number 9, but it caused the Veteran severe dental cosmetic issues. 

Analysis

After a review of the evidence, the Board finds that service connection for compensation purposes for a dental disability is not warranted. The Board acknowledges that service treatment records demonstrate injury to a tooth during service. Additionally, the Board observes that the VA examiner was unable to provide an etiological opinion without resort to speculation. The Board notes that the private maxillofacial prosthodontist stated that a bone graft was placed to reduce the "post extraction loss of bone." However, it is unclear whether this was due to the alveolar process. The Board finds that it does not matter because the September 2010 VA dental examiner specifically examined the Veteran and concretely found "no bone loss of the maxilla, mandible or hard palate." The Board finds this directed examination to be more probative and deserving of more weight than the less specific statement from the private provider. In sum, the competent and most probative evidence of record does not reflect that the Veteran experienced any loss of the body of the maxilla or mandible due to the in-service trauma or osteomyelitis. Thus, service connection for compensation purposes is not warranted. 38 C.F.R. § 4.150. 

Additionally, the Board notes that the private statement indicated that a fixed bridge will be fabricated to replace the missing tooth. This shows that such teeth are replaceable. In this regard, the Board notes that treatable carious teeth, replaceable missing teeth, dental or alveolar abscesses, and periodontal disease are not compensable disabilities (as they may be service connected solely for the purpose of establishing eligibility for outpatient dental treatment as provided for in §17.161 of this chapter). 38 C.F.R. § 3.381(b).

The Veteran is competent to report that he suffered in injury during service and he is credible in this regard. See Layno v. Brown, 6 Vet. App. 465 (1994). Despite the competent and credible lay evidence of an in-service event, there is no evidence that the Veteran has a dental disability for VA compensation purposes. Indeed, it has not been shown that the Veteran has training or education in the dental field to competently state that he suffers from bone loss of the maxilla, mandible or hard palate. Any statement to this effect is not competent and lacks any probative value.

As there is no evidence that the Veteran has a dental disability available for compensation purposes listed in 38 C.F.R. § 4.150, the preponderance of the evidence is against the claim and it is denied.


ORDER

Entitlement to service connection for a dental disability for purposes of compensation is denied.



______________________________________________
P. SORISIO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs